FILED

11/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0186

DA 17-0186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 293

BRIDGER DEL SOL, INC.,

      Plaintiff and Appellee,

    v.

VINCENTVIEW, LLC,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 13-704C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Aaron Brann, Karl Knuchel, Karl Knuchel, P.C., Livingston, Montana

      For Appellee:

          Lilia N. Tyrell, Kasting, Kauffman & Mersen, P.C., Bozeman, Montana

Submitted on Briefs:  October 4, 2017

Decided:  November 28, 2017

Filed:

                               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 VincentView, LLC, (VincentView) appeals from findings of fact, conclusions of law, and an order entered by the Eighteenth Judicial District Court, Gallatin County, granting judgment in favor of Bridger del Sol, Inc. (BDS) and awarding BDS attorney fees. We affirm.

¶2 VincentView presents the following issues for review:

1. *Did the District Court err in finding VincentView anticipatorily breached the lease?*

2. *Did the District Court err in finding BDS did not breach the lease?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 VincentView owns property located at 17 South Tracy Avenue, Bozeman, Montana. BDS is in the business of owning and operating a restaurant called Taco del Sol, a "casual, young, fun Mexican restaurant." VincentView and BDS entered into a commercial lease agreement on December 1, 2012. VincentView agreed to lease commercial premises to BDS for the purpose of operating Taco del Sol for an initial five-year year term with two three-year options to extend. Term 6 of the lease required BDS to have Taco del Sol "open and operating at least five (5) days per week," but prohibited BDS from doing "anything or permit[ing] anything to be done . . . tending to create a nuisance or to disturb any other tenant or occupant of any part of the building." Three residential apartments are located above the leased premises. Term 27 allowed VincentView to discretionarily adopt "reasonable rules" and add them to the lease. Term 31 provided BDS with the quiet enjoyment of the premises.

2

¶4     Anticipating a lease term of five or more years, BDS made substantial permanent renovations to both the residential and commercial space before occupying the premises. These renovations included:  upgrading the electrical system for the entire building; upgrading the plumbing; installing a new ventilation system; refinishing existing hardwood flooring and replacing carpeting with new flooring; refinishing the ceilings, adding fire retardation systems, and "sound channels;" installing an air conditioning unit; and refinishing and repainting the walls with a product designed to mitigate sound and odor.

¶5     BDS opened Taco del Sol in the leased premises in March 2013.  After Taco del Sol opened, upstairs tenants came in the restaurant and complained about noise from music playing in the restaurant and odors from cooking.  BDS attempted to address the upstairs tenants' concerns by reducing the music's volume and playing it only during business hours and offered to reroute the ventilation system through the roof instead of at street-level.  On April 10, 2013, VincentView sent BDS a letter alerting BDS it was exercising its right to adopt reasonable rules and implementing two new rules to address the upstairs tenants' concerns.  The first rule prohibited BDS from playing music and required BDS to keep felt attached to the legs of its chairs.  The second rule required BDS pay for and install a new ventilation system that would eliminate all odors.  BDS continued to play music.  BDS kept felt on its chair legs.  BDS purchased equipment to reroute the existing ventilation system, but VincentView prevented its installation.

¶6     On September 11, 2013, VincentView sent BDS a Notice of Default indicating BDS was breaching the lease by failing to abide by the added rules–playing music and

not replacing the ventilation system. The Notice of Default indicated BDS had thirty days to comply and if BDS failed to comply VincentView would cancel the lease and retake possession of the premises. On October 21, 2013, BDS initiated a declaratory action in Montana's Eighteenth Judicial District Court, Gallatin County. In its complaint, BDS asked the District Court to declare it was not breaching the lease and also claimed VincentView anticipatorily breached the lease causing BDS damages. VincentView filed counterclaims. On April 30, 2015, BDS supplied VincentView notice it planned to terminate the lease on July 31, 2015. BDS vacated the premises and relocated Taco del Sol.

¶7 On December 30, 2016, the District Court issued findings of fact, conclusions of law, and an order. The District Court concluded BDS did not breach the lease and that VincentView anticipatorily breached the lease when it gave BDS Notice of Default by violating the implied covenant of good faith and fair dealing and by interfering with BDS's right to quiet use and enjoyment of the leased premises. The District Court awarded BDS damages of $88,567.25 and its reasonable attorney fees of $43,409.25. VincentView appeals.

**STANDARD OF REVIEW**

¶8 Whether a party materially breached a contract is a question of fact. *Eschenbacher v. Anderson*, 2001 MT 206, ¶ 22, 306 Mont. 321, 34 P.3d 87 (citation omitted). "We review a district court's findings of fact to determine whether they are clearly erroneous." *Eschenbacher*, ¶ 22 (citation omitted). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court

4

misapprehended the effect of the evidence, or, if after reviewing the record, this Court is left with a firm conviction that a mistake has been made. *Eschenbacher*, ¶ 22 (citation omitted).

## DISCUSSION

¶9 *1. Did the District Court err in finding VincentView anticipatorily breached the lease?*

¶10 VincentView argues requiring BDS to stop playing music and eliminate cooking odors neither breached its duty of good faith and fair dealing nor interfered with BDS's quiet use and enjoyment of the leased premises. Further, VincentView argues it did not anticipatorily breach the lease. Every contract contains an implied covenant of good faith and fair dealing. *Story v. Bozeman*, 242 Mont. 436, 450, 791 P.2d 767, 775 (1990) *overruled on other grounds by Arrowhead Sch. Dist. No. 75 v. Klyap*, 2003 MT 294, ¶ 54, 318 Mont. 103, 79 P.3d 250. The implied covenant of good faith and fair dealing requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. *Story*, 242 Mont. at 450, 791 P.2d at 775 (quotation omitted). Here, VincentView agreed to allow BDS to operate a restaurant in the leased premises for the lease term to operate a "casual, young, fun Mexican restaurant." Later, VincentView adopted new rules prohibiting BDS from playing music or emanating cooking odors. Restaurants commonly play music and must cook. Thus, VincentView's new rules were not reasonable or fair to BDS.

¶11 A breach of the "covenant for quiet enjoyment can be such an act or omission on the part of the landlord which permanently interferes with the tenant's beneficial

5

enjoyment of the premises so as to justify the tenant's abandonment before the lease has expired." *Sewell v. Hukill*, 138 Mont. 242, 246-47, 356 P.2d 39, 41 (1960) (citations omitted). VincentView provided BDS notice it would retake possession of the premises if BDS did not comply with the additional rules. To BDS, this notice created a "constant threat of eviction" forcing BDS to relocate Taco del Sol prior to the expiration of the lease term. VincentView providing the Notice of Default permanently interfered with BDS's beneficial enjoyment of the premises and caused BDS to relocate Taco del Sol.

¶12 "An anticipatory breach of a contract is a repudiation of the promisor's contractual duty before the time fixed for performance has arrived." *Chamberlin v. Puckett Constr.*, 277 Mont. 198, 202, 921 P.2d 1237, 1239 (1996) (citation omitted). "[A] demand for performance of a term not contained in the parties' contract, accompanied by an unequivocal statement that the demanding party will not perform unless the additional term is met, constitutes anticipatory breach of the contract excusing performance by the other party." *Chamberlin*, 277 Mont. at 203, 921 P.2d at 1240. The District Court concluded VincentView breached its duty of good faith and fair dealing because requiring BDS to eliminate all noise and all odor was impossible to accomplish and, therefore, dishonest. The District Court concluded VincentView interfered with BDS's quiet use and enjoyment by prohibiting BDS from playing music and emanating odors. Under *Chamberlin*, the District Court concluded, VincentView breached the lease by implementing these prohibitions and providing BDS a Notice of Default. We agree.

¶13 VincentView's Notice of Default contained an unequivocal statement VincentView planned to retake the premises prior to the end of the lease term if BDS

6

failed to cease playing music and cooking, two terms VincentView added and BDS argued could not be complied with while continuing to operate its restaurant. Therefore, VincentView anticipatorily breached the lease prior to its expiration when it sent the Notice of Default in September 2013. The District Court's findings are not clearly erroneous.

¶14    *2. Did the District Court err in finding BDS did not breach the lease?*

¶15    VincentView argues BDS breached Term 6 and the added lease terms by disturbing the upstairs tenants with noise from music and chairs and odors from cooking. VincentView argues the District Court erred in concluding BDS had not breached the lease. However, substantial evidence in the record supports the District Court's conclusion. The upstairs tenants complained of noise and odors. To alleviate their complaints, the upstairs tenants suggested BDS not play music outside of business hours, reduce the music's volume, and mitigate noise from furniture movement. In response, BDS complied with their suggestions by playing music during business hours only, reducing the music's volume, and keeping felt on its chair legs. Additionally, BDS purchased equipment to reroute the ventilation system through the roof instead of at street-level to minimize any odors emanating from its kitchen. However, VincentView prevented BDS from rerouting the ventilation system. BDS took steps to eliminate any disturbance it caused the upstairs tenants and BDS's failure to address the upstairs tenants' concerns is attributable to VincentView. Accordingly, the District Court's finding that "BDS has not defaulted on the Lease" is supported by substantial evidence in the record and not clearly erroneous.

**CONCLUSION**

¶16    The District Court found VincentView anticipatorily breached the lease and BDS did not breach the lease.  These findings are supported by substantial evidence in the record and are not clearly erroneous.

¶17    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE